UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Marcus Rushing,  Case No. 3:24-cv-845

    Plaintiff,

v.  ORDER

Wood County Health Company, LLC, et al.,

    Defendants.

Before me are Plaintiff's third motion for electronic filing privileges, (Doc. No. 23), and his "motion for leave to add Defendants." (Doc. No. 24). For the reasons stated below, I deny Plaintiff's motion to file electronically, (Doc. No. 23), and deny without prejudice his motion for leave to add Defendants. (Doc. No. 24).

First, Plaintiff's third motion for electronic filing privileges. In support of this motion, he suggests that, without electronic filing privileges, he is unable to timely receive and read my Orders. (Doc. No. 23). But Plaintiff would have abilities through his "read only" PACER account. While he was emailed instructions for how to set up and use that account, he has failed to follow those instructions. Accordingly, I remain unconvinced that Plaintiff is capable of filing documents electronically and deny Plaintiff's third motion for this relief. *See* Local R. 5.1(c). I will not consider this issue again and urge Plaintiff to refrain from making a further motion of this kind.

Second, as to Plaintiff's motion for leave to add Defendants, at this juncture, I will not address the issue of Plaintiff's multiple actions against the same or similar Defendants proceeding in at least two other courts simultaneously with this action. Instead, I deny without prejudice his

motion to add Defendants because Plaintiff fails to identify any claim he wishes to assert against those additional Defendants, let alone set forth facts to support any claim for relief or his conclusory assertion that such a claim arises out of the same transaction or occurrence as the existing claims. Without this, I cannot conclude adding any Defendant is appropriate.

If Plaintiff seeks to renew his request for this relief, he should file a motion to amend the Complaint and attach to that motion a proposed Amended Complaint, which clearly states each cause of action Plaintiff seeks to bring against each Defendant – current and proposed additional – and set forth facts to support any such claims.  Further, at a minimum, the motion must show not only that the facts alleged in the proposed Amended Complaint give rise to the causes of action he seeks to assert against any proposed additional Defendant, but also that those facts arise out of the same transaction, occurrence, or series of transactions or occurrences as those giving rise to the claims against the existing Defendants in this action.  *See, e.g., Bush v. Godwin*, No. 3:15-CV-524-TAV-CCS, 2018 WL 576850, at *17 (E.D. Tenn. Jan. 26, 2018) (applying the futility standard of Rule 15 to a motion for permissive joinder under Rule 20).

So Ordered.

                                                                            s/ Jeffrey J. Helmick
                                                                            United States District Judge