UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Marcus Rushing,                                          Case No. 3:24-cv-845

        Plaintiff,

        v.                                                  MEMORANDUM OPINION
                                         AND ORDER

Wood Health Company, LLC, *et al.*,

        Defendants.


## I.    INTRODUCTION AND BACKGROUND

Plaintiff Marcus Rushing, proceeding *pro se*, filed suit against two of his former employers, Defendants Wood Health Company, LLC, and McGaw Medical Center of Northwestern University, asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983, and 18 U.S.C. § 1341.  (Doc. No. 1).  Both Defendants moved to dismiss Rushing's complaint for failure to state a claim upon which relief could be granted, and I granted both motions on March 31, 2025.  (Doc. No. 32).  Rushing did not appeal.

Subsequently, on February 13, 2026, Rushing filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  (Doc. No. 34).  Defendants filed briefs in opposition to Rushing's motion.  (Doc. Nos. 36 and 37).  And McGaw also requested that I sanction Rushing for engaging in frivolous litigation tactics and require Rushing to pay McGaw's attorney fees and costs incurred in responding to Rushing's motion.  (Doc. No. 37 at 5-6).  Rushing did not file a reply brief or respond to McGaw's request for sanctions against him, and the time to do so has passed.  *See* Loc. R. 7.1(e).

## II.    DISCUSSION

### A.    RULE 60(B)

Rule 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its

legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief."

Fed. R. Civ. P. 60(b).  A party "seeking relief under Rule 60(b) bears the burden of establishing the

grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538

F.3d 448, 454 (6th Cir. 2008).

Rushing complains that "[no] hearing was held in the Ohio federal case, and the case was

never placed on a formal litigation track.  The record reflects only motions filed by Plaintiff[1] and no

court date or substantive ruling on the merits." (Doc. No. 34 at 1).  In his view, his "claims were

never adjudicated on the merits, no hearing was held, and the dismissal was entered without

substantive evaluation of the evidence.  The dismissal is therefore a procedural error that prevents

[him] from accessing the courts." (*Id.* at 2).  Rushing appears to assert that my decision to grant

Defendants' motions to dismiss was later relied upon in two state court proceedings to support a res

---

[1]  This assertion is factually incorrect, as both Wood Health and McGaw filed motions to dismiss Rushing's complaint pursuant to Rule 12(b)(6).  (*See* Doc. Nos. 9 and 22).

judicata defense, leading to the dismissal of the state court cases. (*Id.* at 1-2). He seeks relief from judgment pursuant to Rule 60(b)(1) and (6) and the issuance of an order stating "no hearing was held, no merits ruling was entered, and no consolidation occurred," clarifying that his claims were dismissed without prejudice, vacating my earlier Memorandum Opinion and Order, and reopening this case for further proceedings. (*Id.* at 2).

Rushing fails to show he is entitled to relief pursuant to either subparagraph of Rule 60(b).

It is well-settled "[a] dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits[] and is therefore done with prejudice." *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004) (quoting *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 399 n. 3 (1981)) (internal quotation marks omitted). And Rushing was not entitled to a hearing before I ruled on Defendants' motions "[b]ecause a motion to dismiss is resolved by looking to the face of the complaint and the allegations contained therein." *Walker v. Univ. of Tenn. Health Sci. Ctr.*, No. 2:13-CV-2337-SHM-CGC, 2014 WL 1576853, at *4 (W.D. Tenn. Apr. 18, 2014). Thus, it is evident that Rushing is not entitled to relief based upon these contentions.

While it is unclear what Rushing means by his assertion that "no consolidation occurred," (Doc. No. 34 at 2), it appears he may be referring to my denial of his motion for leave to add additional defendants. (*See* Doc. No. 24). I denied that motion because Rushing failed "to identify any claim he wishes to assert against those additional Defendants, let alone set forth facts to support any claim for relief or his conclusory assertion that such a claim arises out of the same transaction or occurrence as the existing claims." (Doc. No. 26 at 2). Rushing does not explain what relevance that decision has to the merits adjudication of the claims he raised in his complaint in this case and, therefore, I conclude this argument also fails to provide a basis for relief under Rule 60(b).

Rushing next argues he is entitled to relief pursuant to Rule 60(b)(6) "because extraordinary circumstances exist that justify relief. The dismissal has had significant adverse consequences for

Plaintiff, including improper res judicata rulings in parallel state court proceedings and improper reliance in subsequent federal litigation." (Doc. No. 34 at 2).  This conclusory argument does not warrant relief either.  "Federal courts are courts of limited jurisdiction and generally can resolve only the cases that [the Constitution and] Congress grant[] them power to hear."  *Hain Celestial Grp., Inc. v. Palmquist*, 607 U.S. 421, 424 (2026).  Even if Rushing could plausibly show an error in one or more of the other cases he has filed in other courts, it would not satisfy Rule 60(b)(6), as federal district courts do not have the authority to sit as appellate courts over state trial courts or other federal district courts.

I conclude Rushing fails to meet his burden to show he is entitled to relief pursuant to Rule 60(b)(1) or (6).  Therefore, I deny his motion.

B.      **REQUEST FOR SANCTIONS**

McGaw argues I should sanction Rushing by ordering to pay McGaw's attorney fees and costs incurred in opposing Rushing's meritless motion.  (Doc. No. 37 at 5-6).  It asserts "Rushing's conduct across this litigation and multiple forums reveals a pattern of vexatious filings," which "have imposed substantial and unwarranted costs on McGaw."  (*Id.* at 6).

I do not disagree with McGaw's characterization of Rushing's motion, though I have no knowledge of what Rushing has or has not done in cases before other courts.  And I agree that federal courts have the inherent power to impose sanctions against a party that has "litigated in bad faith, vexatiously, wantonly, or for oppressive reasons."  *NFP Franchising, LLC v. SY Dawgs, LLC*, 37 F.4th 369, 383 (6th Cir. 2022) (citations and internal quotation marks omitted).

But district courts also have "inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (quoting *Link v.*

*Wabash R. Co.,* 370 U.S. 626, 630-31 (1962)) (further citation omitted). These include the authority to impose non-monetary sanctions targeted to curtail or prevent a party's continued misconduct.

The availability of that authority, combined with Rushing's attestations of homelessness,[2] persuade me that the imposition of monetary sanctions against Rushing is not appropriate at this time. Therefore, I order that Rushing is restricted from making any further filings in this case other than a notice of appeal of this decision and order the Clerk of Court to refuse to accept and to return any document Rushing attempts to file.

## IV.    CONCLUSION

For the reasons stated above, I deny Plaintiff Marcus Rushing's motion for relief from judgment. (Doc. No. 34). Further, I order that Rushing is restricted from filing any future documents as described above. Finally, I deny his motion for electronic filing capabilities as moot. (Doc. No. 35).


So Ordered.


s/ Jeffrey J. Helmick
United States District Judge

---

[2]  (*See* Doc. No. 35-1). While all parties have an affirmative obligation to monitor the docket in their case, Rushing's representation introduces some uncertainty on the matter of whether he received sufficient notice of McGaw's request for sanctions. *Cf. Plastech Holding Corp. v. WM Greentech Auto. Corp.*, 257 F. Supp. 3d 867, 873 (E.D. Mich. 2017) ("In determining both the requisite bad faith of the party and the appropriate sanction, the Court 'must comply with the mandates of due process.'") (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991)).